JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

NeELLE DAVIS, et al.

**(b)**   County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Ian M. Bryson, Esq., Derek Smith Law Group, PLLC, 1835 Market Street, Suite 2950, Philadelphia, PA 19103

## DEFENDANTS

RHODES ENTERPRISES, INC., et al.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original
  Proceeding
- ☐ 2   Removed from
  State Court
- ☐ 3   Remanded from
  Appellate Court
- ☐ 4   Reinstated or
  Reopened
- ☐ 5   Transferred from
  Another District
  *(specify)*
- ☐ 6   Multidistrict
  Litigation -
  Transfer
- ☐ 8   Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC Section 201 et seq.
Brief description of cause:
Claims for unpaid minimum wages and overtime compensation pursuant to the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   08/06/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _7236 Leonard Street, Philadelphia, PA 19149._

Address of Defendant: _1320 Walnut Street, Philadelphia, PA 19107_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _08/06/2019_ _____ Attorney-at-Law / Pro Se Plaintiff _321359_ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases
  (Please specify): _Fair Labor Standards Act_

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ian M. Bryson, Esq._, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _08/06/2019_ _____ Attorney-at-Law / Pro Se Plaintiff _321359_ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

NeElle Davis, et al.,                        :                    CIVIL ACTION

v.                                           :

Rhodes Enterprises, Inc., et al.             :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

August 6, 2019        Ian M. Bryson, Esq.        Plaintiffs + the Class
**Date**                      **Attorney-at-law**              **Attorney for**

215-391-4790        215-893-5288        ian@dereksmithlaw.com
**Telephone**                **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs and the Proposed Classes*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NeELLE DAVIS, <br> TAMIKA OSBORNE *and* <br> TAMRAN YOUNG, <br> *individually and on behalf of others similarly situated,* | : <br> : Civil Action No. <br> : <br> : **CLASS/COLLECTIVE ACTION** <br> : **COMPLAINT** <br> : |
| Plaintiffs, | : JURY TRIAL DEMANDED <br> : |
| v. | : <br> : <br> : |
| RHODES ENTERPRISES, INC., <br> R.E.B. ENTERPRISES, INC., <br> S.M.C. ENTERPRISES, INC., <br> SRL ENTERPRISES, INC., <br> OML ENTERPRISES, INC. *and* <br> STEPHEN R. LEE, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

### INTRODUCTION

1. Plaintiffs, NeElle Davis ("Ms. Davis"), Tamika Osborne ("Ms. Osborne") and Tamran

   Young ("Ms. Young") ("Plaintiffs"), individually and on behalf of others similarly

   situated, bring this class and collective action lawsuit against Defendants, Rhodes

   Enterprises, Inc. ("Rhodes"), R.E.B. Enterprises, Inc. ("REB"), S.M.C. Enterprises, Inc.

   ("SMC"), SRL Enterprises, Inc. ("SRL"), OML Enterprises, Inc. ("OML") and Stephen

   R. Lee ("Mr. Lee") ("Defendants"), seeking all available relief under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage

Act of 1968 ("PMWA"), 42 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment

and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* and Pennsylvania common law.

2.  Plaintiffs' FLSA claims are asserted as a nationwide collective action under 29 U.S.C. §

    216(b), while their Pennsylvania state law claims are asserted as a statewide class action

    under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249

    (3d Cir. 2012) (FLSA collective and Rule 23 class claims may proceed together).

## NATURE OF THE ACTION

3.  Plaintiffs bring this Complaint on behalf of themselves and all others similarly situated,

    contending that Defendants have improperly failed to pay minimum wages and overtime

    compensation to their severs, runners and other tipped staff pursuant to the FLSA,

    PMWA, WPCL and Pennsylvania common law.

4.  Plaintiffs are former employees of Defendants, and during the course of their

    employment, Defendants failed to accurately track and keep records of Plaintiffs' hours

    worked, Defendants failed to pay proper overtime compensation when Plaintiffs worked

    more than 40 hours per week, and Defendants failed to pay Plaintiffs proper minimum

    wages.

5.  Plaintiffs bring this action to recover unpaid minimum wages and overtime

    compensation, liquidated damages, unlawfully withheld wages, statutory penalties and

    damages owed to Plaintiffs and all similarly situated current and former employees of

    Defendants.

6.  At all relevant times, Defendants' violations of the FLSA, PMWA, WPCL and

    Pennsylvania common law were willful.

2

## JURISDICTION AND VENUE

7. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Supplemental Jurisdiction over Plaintiff's PMWA and WPCL claims is proper under 28 U.S.C. § 1367 because they arise out of the same nucleus of operative facts as Plaintiffs' FLSA claims.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

11. Plaintiff Davis is an individual residing at 7236 Leonard Street, Philadelphia, PA 19149.

12. Plaintiff Osborne is an individual residing at 1108 W. Loudon Street, Philadelphia, PA 19141.

13. Plaintiff Young is an individual residing at 5563 Blakemore Street, Philadelphia, PA 19138.

14. At all relevant times, Plaintiffs were employees of Defendants and entitled to the protections of the FLSA, PMWA and WPCL.

15. Pursuant to Section 216(b) of the FLSA, Plaintiffs have consented in writing to be plaintiffs in this action. Their executed Consent to Sue forms are attached hereto as Exhibits "A," "B" and "C."

16. Defendant Rhodes is a corporation registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 1320 Walnut Street,

Philadelphia, PA 19107. According to the company's business filings with the Commonwealth of Pennsylvania, the President of Rhodes is Defendant Lee and the company's state of business is Pennsylvania.

17. Defendant REB is a corporation registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 1320 Walnut Street, Philadelphia, PA 19107. According to the company's business filings with the Commonwealth of Pennsylvania, the President of REB is Defendant Lee and the company's state of business is Pennsylvania.

18. Defendant SMC is a corporation registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 1320 Walnut Street, Philadelphia, PA 19107. According to the company's business filings with the Commonwealth of Pennsylvania, the President of SMC is Defendant Lee and the company's state of business is Pennsylvania.

19. Defendant SRL is a corporation registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 1320 Walnut Street, Philadelphia, PA 19107. According to the company's business filings with the Commonwealth of Pennsylvania, the President of SRL is Defendant Lee and the company's state of business is Pennsylvania.

20. Defendant OML is a corporation registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 1320 Walnut Street, Philadelphia, PA 19107. According to the company's business filings with the Commonwealth of Pennsylvania, the President of OML is Defendant Lee and the company's state of business is Pennsylvania.

21. Defendant Lee is an individual with a principal place of business located at 1320 Walnut Street, Philadelphia, PA 19107. According to public filings with the Commonwealth of Pennsylvania, Defendant Lee is the president of numerous corporate shell companies (including Rhodes, REB, SMC, SRL, OML and others) doing business as "International House of Pancakes" aka "IHOP" in Pennsylvania and other states along the east coast of the United States. In his capacity as President, Defendant Lee exercises sufficient control over the labor policies and practices complained of herein to be considered the employer of Plaintiffs and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

22. Defendants own and/or operate several franchise restaurants doing business as IHOP.

23. Defendants own and/or operate an IHOP restaurant located at 1320 Walnut Street, Philadelphia, PA 19107.

24. Defendants own and/or operate an IHOP restaurant located at 4310 Roosevelt Boulevard, Philadelphia, PA 19124.

25. Defendants own and/or operate an IHOP restaurant located at 130 W. Lancaster Avenue, Ardmore, PA 19003.

26. Defendants own and/or operate an IHOP restaurant located at 481 Old York Road, Jenkintown, PA 19046.

27. Defendants own and/or operate an IHOP restaurant located at 1720 Dekalb Pike, Blue Bell, PA 19422.

28. Defendants own and/or operate an IHOP restaurant located at 3 Snyder Avenue, Philadelphia, PA 19148.

29. Defendants own and/or operate the above IHOP restaurants and several others through a series of corporate shells owned, operated and/or controlled by Defendant Lee, in which Defendant Lee is the principal and maintains full control of each individual company, effectively causing these entities to operate as Defendant Lee's alter-egos.

30. The IHOP restaurants owned and operated by Defendant Lee (collectively the "Subject IHOPs") include IHOP franchisees located in Pennsylvania and Delaware.

31. The Subject IHOP restaurants are franchisees of Dine Brands Global, Inc., formerly known as DineEquity, Inc., the self-described "largest full-service dining company in the world" with over 3,600 restaurants and some 200,000 team members. Should discovery reveal that the wage practices and policies complained of herein disseminate in whole or in part from Dine Brands Global, Inc., rather than Defendant Lee, Plaintiffs will seek leave to amend this Complaint to add Dine Brands Global, Inc. as a defendant.

32. The Subject IHOPs employ servers, runners and other tipped employees who are subjected to Defendants' unlawful pay practices.

33. The Subject IHOPs also employ cooks, dishwashers and expediters—employees that do not "customarily and regularly receive tips" under the FLSA and PMWA.

34. The Subject IHOPs are owned and controlled by Defendant Lee and are effectively operated as one entity. Accordingly, the Subject IHOPs operate as joint employers of Plaintiffs and the proposed class members. Each of the Subject IHOPs employed the same unlawful practices that are the subject of this Complaint. Each of these unlawful practices were created and authorized by Defendant Lee.

35. At all relevant times, Defendants were employers covered by the FLSA, PMWA and WPCL and were required to comply with the wage and hour mandates therein.

6

36. At all relevant times, Defendants acted or failed to act through their agents, servants and/or employees, each of whom acting at all relevant times within the course and scope of their employment for Defendants.

37. At all relevant times, Defendants were joint employers jointly liable for the unlawful pay practices complained of herein.

38. Defendants systematically and willfully deny employees all minimum wages and overtime compensation wages due and owing under the FLSA, PMWA and WPCL.

39. Defendants systematically and willfully fail to satisfy the requirements of the tip credit provisions of the FLSA and PMWA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants as hourly non-exempt servers, runners and other tipped employees performing similar responsibilities for Defendants at any time during the past three (3) years who were denied minimum wages and/or overtime compensation for hours worked over 40 in a workweek (the members of the putative class are hereinafter referred to as "Nationwide Collective Class Plaintiffs").

41. Plaintiffs estimate that there are in excess of 240 other similarly situated Nationwide Collective Class Plaintiffs who are working or worked for Defendants and are or were unlawfully denied minimum wages and/or overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of 40 in a workweek. The precise number of employees can be easily ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Potential

Nationwide Collective Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

42. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiffs and other similarly situated employees were similarly denied minimum wages and/or overtime compensation for hours worked in excess of 40 in a workweek, had the same or substantially similar job classifications and duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully below, whereby Defendants failed to pay Plaintiffs and Nationwide Collective Class Plaintiffs minimum wages and/or overtime compensation for hours worked over 40 in a workweek, have affected Plaintiffs and Nationwide Collective Class Plaintiffs in the same fashion.

43. In violation of the FLSA, Defendants failed to pay Plaintiffs and Nationwide Collective Class Plaintiffs minimum wages and overtime compensation for hours worked over 40 in a workweek.

44. In violation of the FLSA, Defendants also failed to accurately track, record, and report hours worked by Plaintiffs and Nationwide Collective Class Plaintiffs. This policy and practice is unequivocal evidence of Defendants' willful and improper failure to follow the provisions of the FLSA.

45. In violation of the provisions of the FLSA, Defendants also failed to pay Plaintiffs and Nationwide Collective Class Plaintiffs for work performed after scheduled shifts. Defendants have an unlawful practice and policy of altering time sheets to reflect fewer hours than those Plaintiffs and Nationwide Collective Class Plaintiffs actually worked,

rather than compensating Plaintiffs and Nationwide Collective Class Plaintiffs for all hours worked as required by the FLSA.

46. In violation of the provisions of the FLSA, Defendants took a tip credit against Plaintiffs' and Nationwide Collective Class Plaintiffs' wages, but failed to comply with the predicate requirements for doing so by illegally: (1) retaining a portion of Plaintiffs' and Nationwide Collective Class Plaintiffs' tips; (2) failing to pay Plaintiffs and Nationwide Collective Class Plaintiffs at an hourly rate of at least $2.13 for all hours worked; (3) failing to pay Plaintiffs and Nationwide Collective Class Plaintiffs the proper minimum wage for spending more than 20% of their time engaged in non-tipped "side work"; (4) failing to provide the requisite detailed notice informing Plaintiffs and Nationwide Collective Class Plaintiffs of the tip credit; and (5) requiring servers, runners and other tipped staff to share tips with other restaurant employees who do not "customarily and regularly receive tips." Therefore, Defendants' tipping arrangement was illegal and forfeited Defendants use of a tip credit. As a result, Plaintiffs and Nationwide Collective Class Plaintiffs must be paid the full minimum wage for all hours worked.

47. In violation of the provisions of the FLSA, Defendants failed to post and keep posted the statutorily required notice explaining the FLSA in a conspicuous place in their establishment so as to permit Plaintiffs and Nationwide Collective Class Plaintiffs to readily observe a copy. This policy and practice is unequivocal evidence of Defendants' willful and improper failure to follow the provisions of the FLSA.

48. Plaintiffs will request the Court to authorize notice to all current and former similarly situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the

purpose of seeking unpaid wages, overtime compensation, liquidated damages, attorneys'

fees, and all other relief available under the FLSA.

## CLASS ACTION ALLEGATIONS

49. Plaintiffs bring this action individually and on behalf of the following state-wide class of

similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendants who worked for
> Defendants at the Subject IHOPs during the last three (3) years as hourly,
> non-exempt servers, runners or in positions with similar job duties who
> were denied minimum wages and/or overtime compensation for hours
> worked in excess of 40 in a workweek (the members of the putative class
> are hereinafter referred to as "Pennsylvania Class Plaintiffs").

50. The members of the class are so numerous that joinder of all members is impractical.

Pennsylvania Class Plaintiffs may be informed of the pendency of this class action by

direct mail.

51. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact

common to the Class, including but not limited to:

   a.  Whether Plaintiffs and the Pennsylvania Class Plaintiffs were improperly denied
       statutorily mandated minimum wages and/or overtime compensation;

   b.  Whether Plaintiffs and the Pennsylvania Class Plaintiffs are entitled to overtime
       compensation for service rendered in excess of 40 hours per week;

   c.  Whether Plaintiffs and the Pennsylvania Class Plaintiffs worked in excess of 40
       hours per week;

   d.  Whether Plaintiffs and the Pennsylvania Class Plaintiffs are entitled to
       compensation for unpaid tips;

   e.  Whether Plaintiffs and Pennsylvania Class Plaintiffs have suffered and are
       entitled to damages, and if so, in what amount;

   f.  Whether Defendants failed to pay Plaintiffs and the Pennsylvania Class Plaintiffs
       minimum wages and/or overtime wages in the period when said wages became

due and owing in violation of the PMWA, WPCL and Pennsylvania common law; and

    g.   Whether Plaintiffs and the Pennsylvania Class Plaintiffs are entitled to liquated damages.

52. Plaintiffs' claims are typical of the claims of the Pennsylvania Class Plaintiffs. Plaintiffs worked for Defendants as hourly, non-exempt servers and have suffered similar injuries as those suffered by the Pennsylvania Class Plaintiffs as a result of Defendants' failure to pay minimum wages and/or overtime compensation. Defendants' conduct of violating the PMWA, WPCL and Pennsylvania common law has affected Plaintiffs and the Pennsylvania Class Plaintiffs in the exact same way.

53. Plaintiffs will fairly and adequately represent and protect the interest of the Pennsylvania Class Plaintiffs. Plaintiffs are similarly situated to the Pennsylvania Class Plaintiffs and have no conflicts with the members of the Pennsylvania Class Plaintiffs.

54. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

55. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs' Pennsylvania state law claims are properly maintained as a class action because:

    a.   The prosecution of separate actions by or against individual members of the Pennsylvania Class Plaintiffs would create a risk of inconsistent or varying adjudication with respect to individual members of the Pennsylvania Class Plaintiffs that would establish incompatible standards of conduct for Defendants;

    b.   Defendants, by failing to pay minimum wages and/or overtime compensation when they became due and owing in violation of the PMWA, WPCL and Pennsylvania common law, has acted or refused to act on grounds generally applicable to the Pennsylvania Class Plaintiffs, thereby making the requested relief appropriate with respect to the Pennsylvania Class Plaintiffs as a whole; and

    c.   The common questions of law and fact set forth above applicable to the Pennsylvania Class Plaintiffs predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of this controversy.

56. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Pennsylvania Class Plaintiff may be relatively small, the expenses and burden of individual litigation would make it difficult for the Pennsylvania Class Plaintiffs to bring individual claims. The presentation of separate actions by individual Pennsylvania Class Plaintiffs could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Pennsylvania Class Plaintiffs to protect his or her interests.

## FACTUAL BACKGROUND

57. Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

58. Nationwide Collective Class Plaintiffs and Pennsylvania Class Plaintiffs are hereinafter collectively referred to as "Class Plaintiffs."

59. In or around February 2011, Defendants hired Plaintiff Davis to work as a server at their Jenkintown IHOP location.

60. In or around June 2013, Defendants hired Plaintiff Osborne to work as a server at their Jenkintown IHOP location.

61. In or around November 2010, Defendants hired Plaintiff Young to work as a server at their Jenkintown IHOP location.

62. During the course of their employment with Defendants, Plaintiffs also worked at Defendants' Walnut Street IHOP location in Center City, Philadelphia.

63. Plaintiffs' and Class Plaintiffs' job duties were the same, which predominantly involved serving food and beverages to Defendants' customers and performing so-called "side work" before, during and after their shifts, which included, *inter alia*, cleaning up tables and making sure server stations were clean and stocked—duties that do not directly produce tips. Plaintiffs estimate this "side work" to take up to three hours per shift.

64. Throughout Plaintiffs' employment with Defendants, they would receive paystubs that indicated that they should have been paid an hourly wage of $2.83 for all hours worked for Defendants. However, Plaintiffs often received paychecks for $0.00 and also noticed that their time records regularly indicated fewer hours than they had actually worked.

65. In seeking to comply with the FLSA/PMWA, which mandate that employees receive a minimum wage of $7.25/hour, Defendants purport to utilize a "tip credit" in the amount of $4.42 for each hour worked by Plaintiffs and Class Plaintiffs.

66. Defendants maintain a companywide policy of requiring Plaintiffs and Class Plaintiffs to contribute a portion of their tips to "expeditors" and dishwashers.

67. Expeditors and dishwashers do not receive tips directly from customers. This is because they generally work at or near the kitchen area and do not interact with restaurant customers. The expeditor job primarily consists of readying (or "traying") food orders for

13

pick up by servers and/or runners. The dishwasher job primarily consists of washing dishes.

68. Additionally, from the date of hire up until their separation from employment, Plaintiffs and Class Plaintiffs routinely worked in excess of 40 hours per week.

69. Defendants require their employees to log their hours using a time clock in their restaurants.

70. However, despite regularly reporting that they had worked in excess of 40 hours in a workweek, Plaintiffs' and Class Plaintiffs' paystubs almost always indicated that they had worked fewer than 40 hours.

71. Defendants had a practice of requiring employees to work off-the-clock due to Defendants' altering of hours recorded in the time-keeping system, especially where employees' hours were at or near 40 hours ("time shaving").

72. Defendants also altered employee time records to include breaks that employees did not take.

73. Defendants required employees to work off-the-clock through the attendance of mandatory personnel meetings, in which they were not permitted to record their time.

74. Defendants required employees to work off-the-clock through attendance of mandatory training sessions in which they were not permitted to record their time.

75. Defendants required employees to forfeit a portion of their pay to cover uniforms and other business expenses, even though Defendants failed to disclose that such expenses would be deducted from employees' pay.

76. Defendants took employees' tips to compensate Defendants for ordinary business losses such as walk-outs.

14

77. In violation of the provisions of the FLSA and PMWA, Defendants took a tip credit against Plaintiffs' and Class Plaintiffs' minimum wages but failed to comply with the predicate requirements for doing so in that Defendants did not pay Plaintiffs and Class Plaintiffs at a rate of at least $2.13 for all hours worked.

78. Further, in violation of the provisions of the FLSA and PMWA, Defendants took a tip credit against Plaintiffs' and Class Plaintiffs' minimum wages for "side work" duties, which did not produce tips, when Plaintiffs' and Class Plaintiffs' side work duties exceeded 20% of their regular shifts. Plaintiffs recall Defendants regularly required Plaintiffs and Class Plaintiffs to work up to three hours during and/or after their scheduled shifts to perform side work duties that included cleaning up tables, making sure server stations were clean and stocked, polishing glassware and silverware, sweeping and mopping the floor, for which they were not paid the full minimum wage rate for all hours spent performing so-called side work.

79. Further, in violation of the FLSA and PMWA, Defendants failed to track, record and report all hours worked by Plaintiffs and Class Plaintiffs.

80. Further, in violation of the FLSA and PMWA, Defendants took a tip credit against Plaintiffs' and Class Plaintiffs' minimum wages but failed to comply with the predicate requirements for doing so because Defendants had a routine practice of "skimming" and illegally withholding portions of Plaintiffs and Class Plaintiffs' tips.

81. Plaintiffs and Class Plaintiffs were and are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to the statutorily mandated minimum wages and overtime compensation for hours worked over 40 in a workweek.

82. Plaintiffs and Class Plaintiffs were "tipped employees" of Defendants as defined by the FLSA and PMWA.

83. The FLSA and PMWA allow employers to pay less than the statutory minimum wage to employees who receive tips, subject to certain requirements. In doing so, an employer may take a tip credit, which allows the employer to include in its calculation of tipped employees' wages a certain amount that the employee receives as tips.

84. In order to apply a tip credit toward an employee's minimum wages under the FLSA and PMWA, an employer must satisfy several conditions, one of which is that the employer must pay cash wages of at least $2.13 per hour.

85. Defendants violated the FLSA and PMWA by failing to pay employees the statutory minimum wages of $2.13 for each hour of work, and by failing to pay employees the full minimum wage for each hour of work performing duties that do not produce tips.

86. Additionally, in order to apply a tip credit toward an employee's minimum wages under the FLSA and PMWA, all tips received by the tipped employee must be retained by the employee, except for a valid tip-pooling arrangement limited to employees who customarily and regularly receive tips.

87. Defendants violated the FLSA and PMWA when Defendants illegally retained portions of employees' tips.

88. As a result of Defendants' improper use of the tip credit and overtime provisions of the FLSA and PMWA, Defendants unjustly benefitted from reduced labor and payroll costs.

89. As a result of Defendants' improper and willful failure to track and record hours actually worked by their servers, runners and other tipped staff, and to pay them in accordance

with the requirements of the FLSA and PMWA, Plaintiffs and others similarly situated have suffered damages.

90. Defendants failed to pay Plaintiffs and Class Plaintiffs at the statutorily mandated minimum wage pursuant to the FLSA and PMWA.

91. Defendants failed to pay Plaintiffs and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour worked in excess of 40 in a workweek.

92. Defendants threatened to fire any employee who questioned their pay practices.

93. As a result, Plaintiffs and Class Plaintiffs have suffered damages.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES TO NATIONWIDE COLLECTIVE CLASS
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

94. Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

95. Pursuant to Section 206 of the FLSA, employees must be paid certain minimum wages for each hour worked in a workweek.

96. The FLSA entitles employees to a minimum hourly wage of $7.25.

97. Pursuant to Section 203(m) of the FLSA, employers may take a "tip credit" against such minimum wage obligations, but must comply with certain requirements before they are able to do so, including paying employees cash wages at a rate no less than $2.13 for each hour worked under 40 in a workweek; and allowing tipped employees to retain all tips received. Additionally, restaurants forfeit the right to utilize a tip credit when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." See 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when tips are shared with employees—such as Defendants' expeditors and dishwashers—whose direct

customer interaction is minimal. See, e.g., Montano v. Montrose Restaurant Associates, Inc., 800 F.3d 186 (5th Cir. 2015); Ford v. Lehigh Valley Restaurant Group, Inc., 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

98. By requiring Plaintiffs and Nationwide Collective Class Plaintiffs to share tips with expeditors and dishwashers, Defendants have forfeited the right to utilize the tip credit in satisfying their minimum wage obligations to Plaintiffs and Nationwide Collective Class Plaintiffs. As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiffs and Nationwide Collective Class Plaintiffs an hourly wage of $2.83 rather than $7.25.

99. In violation of the provisions of the FLSA, Defendants took a tip credit against Plaintiffs' and Nationwide Collective Class Plaintiffs' wages, but failed to comply with the predicate requirements for doing so by illegally: (1) retaining a portion of Plaintiffs' and Nationwide Collective Class Plaintiffs' tips; (2) failing to pay Plaintiffs and Nationwide Collective Class Plaintiffs at an hourly rate of at least $2.13 for all hours worked; (3) failing to pay Plaintiffs and Nationwide Collective Class Plaintiffs the proper minimum wage for spending more than 20% of their time engaged in non-tipped "side work"; (4) failing to provide the requisite detailed notice informing Plaintiffs and Nationwide Collective Class Plaintiffs of the tip credit; and (5) requiring servers, runners and other tipped staff to share tips with other restaurant employees who do not "customarily and regularly receive tips." Therefore, Defendants' tipping arrangement was illegal and forfeited Defendants use of a tip credit. As a result, Plaintiffs and Nationwide Collective Class Plaintiffs must be paid the full minimum wage for all hours worked.

100.     Additionally, over the course of Plaintiffs' and Nationwide Collective Class

Plaintiffs' employment with Defendants, Plaintiffs and Nationwide Collective Class

Plaintiffs were denied their statutorily mandated minimum wages for all hours worked as

a result of Defendants' practice of altering employee time records.

101.     The foregoing actions, policies and practices of Defendants violate the FLSA.

102.     Defendants' actions were willful, in bad faith, and in reckless disregard of clearly

applicable FLSA provisions.

103.     Defendants are liable to Plaintiffs and Nationwide Collective Class Plaintiffs for

actual damages, liquidated damages and other relief, pursuant to 29 U.S.C. § 216(b), as

well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Nationwide

Collective Class Plaintiffs:

a.  An Order from this Court permitting this litigation to proceed as a collective action
    pursuant to 29 U.S.C. § 216(b);

b.  An Order from this Court ordering Defendant to file with this Court and furnish to the
    undersigned counsel a list of all names and addresses of all employees who have worked
    for Defendants during the preceding three (3) years as servers, runners and/or in positions
    with similar job duties, and authorizing Plaintiffs' counsel to issue a notice at the earliest
    possible time to these individuals, informing them that this action has been filed, of the
    nature of the action, and of their right to opt in to this lawsuit if they worked for
    Defendant during the liability period, but were not paid minimum wages and/or overtime
    compensation as required by the FLSA;

c.  Adjudicating and declaring that Defendants' conduct as set forth herein and above is in
    violation of the FLSA;

d.  Adjudicating and declaring that Defendants violated the FLSA by failing to pay
    minimum wages to Plaintiffs and Nationwide Collective Class Plaintiffs;

e.  Awarding Plaintiffs and Nationwide Collective Class Plaintiffs such minimum wages as
    are due and owing in an amount consistent with the FLSA;

f.   Awarding Plaintiffs and Nationwide Collective Class Plaintiffs liquidated damages in accordance with the FLSA;

g.   Awarding Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h.   Awarding pre- and post-judgment interest and court costs as further allowed by law;

i.   Granting Plaintiffs and Nationwide Collective Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt in consent forms, or any other method approved by the Court; and

j.   For all additional general and equitable relief to which Plaintiffs and Nationwide Collective Class Plaintiffs are entitled.

## COUNT II
## FAILURE TO PAY OVERTIME TO THE NATIONWIDE COLLECTIVE CLASS
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

104.   Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

105.   Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

106.   Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employees' regular rate of pay, for all hours worked in excess of 40 hours per week.

107.   According to the policies and practices of Defendants, Plaintiffs and Nationwide Collective Class Plaintiffs regularly worked in excess of 40 hours per week. Despite working in excess of 40 hours per week, Plaintiffs and Nationwide Collective Class Plaintiffs were denied overtime compensation at a rate of 1.5 times the statutorily mandated minimum wage for compensable work performed in excess of 40 hours per week in violation of the FLSA. See U.S. Dept. of Labor Wage and Hour Division Fact Sheet #15, *Tipped Employees Under the Fair Labor Standards Act (FLSA)* ("Where the

20

employer takes a tip credit, overtime is calculated to the full minimum wage, **not** the lower direct (or cash) wage payment.").

108. The forgoing actions, policies and practices of Defendants violate the FLSA.

109. Defendants actions were willful, in bad faith, and in reckless disregard of clearly applicable FLSA provisions.

110. Defendants are liable to Plaintiffs and Nationwide Collective Class Plaintiffs for actual damages, liquidated damages and other relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Nationwide Collective Class Plaintiffs:

a. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years as servers, runners and/or in positions with similar job duties, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wages and/or overtime compensation as required by the FLSA;

c. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

d. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiffs and Nationwide Collective Class Plaintiffs for work performed in excess of 40 hours per week;

e. Awarding Plaintiffs and Nationwide Collective Class Plaintiffs such minimum wages as are due and owing in an amount consistent with the FLSA;

f. Awarding Plaintiffs and Nationwide Collective Class Plaintiffs liquidated damages in accordance with the FLSA;

g.  Awarding Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by
    Defendants, in accordance with the FLSA;

h.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

i.  Granting Plaintiffs and Nationwide Collective Class Plaintiffs leave to add additional
    plaintiffs by motion, the filing of written opt in consent forms, or any other method
    approved by the Court; and

j.  For all additional general and equitable relief to which Plaintiffs and Nationwide
    Collective Class Plaintiffs are entitled.

### COUNT III
### FAILURE TO PAY MINIMUM WAGES TO THE PENNSYLVANIA CLASS
### PENNSYLVANIA MINIMUM WAGE ACT, 42 P.S. §§ 333.101, *et seq.*

111.    Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

112.    At all relevant times, Defendants have employed, and/or continue to employ,

Plaintiffs and Pennsylvania Class Plaintiffs within the meaning of the PMWA.

113.    Pursuant to Defendants' compensation policies, rather than pay tipped employees

the Pennsylvania mandated minimum wage, Defendants improperly took a tip credit and

paid tipped employees at a rate well below the Pennsylvania minimum wage.

114.    Defendants have a willful policy and practice of paying tipped employees less

than the required cash component of the $2.83 per hour as required under applicable

Pennsylvania law.

115.    Defendants have a willful policy and practice of required tipped employees to

surrender a portion of their tips to Defendants.

116.    Defendants have a willful policy and practice of failing to satisfy the notification

requirements in order for Defendants to claim a tip credit.

117.    Defendants have a willful policy and practice of requiring tipped employees to

work off-the-clock without receiving renumeration for such work.

22

118.     Defendants have a willful policy and practice of failing to pay tipped employees the full minimum wage when Defendants require tipped employees to spend more than 20% of their time engaged in non-tipped "side work";

119.     As a result of Defendants' willful practices, Defendants were not entitled to claim a tip credit and pay Plaintiffs and the Pennsylvania Class Plaintiffs less than the Pennsylvania minimum wage for all hours worked.

120.     Defendants have violated and continue to violate the PMWA.

121.     Due to Defendants' violations, Plaintiffs and the Pennsylvania Class Plaintiffs are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and the Pennsylvania Class Plaintiffs:

a.   An Order from this Court certifying this case as a class action and designating Plaintiffs as the representatives of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b.   An award to Plaintiffs and the Pennsylvania Class Plaintiffs for the amount of unpaid minimum wages to which they are entitled, including interest thereon, and penalties subject to proof;

c.   An award to Plaintiffs and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d.   An award to Plaintiffs and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

## COUNT IV
## FAILURE TO PAY OVERTIME TO THE PENNSYLVANIA CLASS
## PENNSYLVANIA MINIMUM WAGE ACT, 42 P.S. §§ 333.101, *et seq.*

122.     Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

23

123.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs and Pennsylvania Class Plaintiffs within the meaning of the PMWA.

124.     Defendants have a willful policy and practice of refusing to pay overtime compensation at a rate of 1.5 times the regular rate for all hours worked in excess of 40 hours per workweek.

125.     Defendants have a willful policy and practice of failing to pay overtime compensation due and owing by reducing the amount of hours recording in Defendants' timekeeping system through improperly shaving Plaintiffs' and the Pennsylvania Class Plaintiffs' recorded compensable time.

126.     Defendants had a willful policy and practice of not paying employees for all hours worked.

127.     Defendants have a willful policy and practice of requiring employees to work off-the-clock.

128.     Accordingly, Defendants have violated and continue to violate the PMWA.

129.     Due to Defendants' violations, Plaintiffs and the Pennsylvania Class Plaintiffs are entitled to recover from Defendants the amount of unpaid overtime compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and the Pennsylvania Class Plaintiffs:

a.  An Order from this Court certifying this case as a class action and designating Plaintiffs as the representatives of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b.  An award to Plaintiffs and the Pennsylvania Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

24

c. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

**COUNT V**
**FAILURE TO PAY WAGES TO THE PENNSYLVANIA CLASS**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. § 260.1, *et seq***

130.     Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

131.     At all relevant times, Defendants have employed and/or continue to employ Plaintiffs and the Pennsylvania Class Plaintiffs within the meaning of the WPCL.

132.     Pursuant to the WPCL, Plaintiffs and the Pennsylvania Class Plaintiffs were entitled to receive all compensation due and owing to them on their regular payday.

133.     Defendants had a policy of making improper deductions from Plaintiffs' and the Pennsylvania Class Plaintiffs' wages, including skimming their tips.

134.     As a result of Defendants' unlawful policies, Plaintiffs and the Pennsylvania Class Plaintiffs have been deprived of compensation due and owing.

135.     Plaintiffs, on behalf of themselves and the Pennsylvania Class Plaintiffs, are entitled to recover from Defendants the amount of unpaid compensation and an additional amount of 25% of the unpaid compensation as liquidated damages.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and the Pennsylvania Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiffs as the representatives of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for the amount of unpaid compensation to which they are entitled and liquidated damages, including interest thereon, and penalties subject to proof;

c. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

## COUNT VI
### UNJUST ENRICHMENT AT THE EXPENSE OF THE PENNSYLVANIA CLASS PENNSYLVANIA COMMON LAW—UNJUST ENRICHMENT

136.     Plaintiffs repeat every allegation made in the above paragraphs of this complaint.

137.     Plaintiffs and the Pennsylvania Class Plaintiffs were employed by Defendants within the meaning of Pennsylvania common law.

138.     At all relevant times, Defendants had a willful policy and practice of denying Plaintiffs and the Pennsylvania Class Plaintiffs their full share of gratuities.

139.     At all relevant times, Plaintiffs and the Pennsylvania Class Plaintiffs their full share of gratuities.

140.     At all relevant times, Defendants had a willful policy and practice of requiring Plaintiffs and the Pennsylvania Class Plaintiffs to work off-the-clock.

141.     Defendants retained the benefits of employing Plaintiffs and the Pennsylvania Class Plaintiffs without renumeration, and taking unlawful deductions from Plaintiffs' and the Pennsylvania Class Plaintiffs' wages.

142.     Defendants were unjustly enriched by subjecting Plaintiffs and the Pennsylvania Class Plaintiffs to said unlawful wage deductions.

143.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and the Pennsylvania Class Plaintiffs have suffered injury and are entitled to reimbursement,

restitution and disgorgement from Defendants for the benefits conferred by Plaintiffs and the Pennsylvania Class Plaintiffs.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and the Pennsylvania Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiffs as the representatives of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for the amount of unpaid compensation to which they are entitled and liquidated damages, including interest thereon, and penalties subject to proof;

c. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiffs and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

IAN M. BRYSON, ESQUIRE
1835 Market Street, Suite 2950
Philadelphia, PA 19103
215-391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiffs and*
*the Proposed Classes*

Dated: <u>August 6, 2019</u>

27

## CONSENT TO JOIN COLLECTIVE ACTION
**FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. § 216(b)**

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with IHOP to recover unpaid minimum wages, overtime compensation and other relief.

Neelle Davis
_____
PRINT NAME CLEARLY

_____
SIGNATURE

7236 Leonard st.
_____
STREET ADDRESS

Phila. Pa 19149
_____
CITY, STATE AND ZIP CODE

2674957387
_____
TELEPHONE NUMBER

Davisneelle@gmail.com
_____
EMAIL ADDRESS



EXHIBIT
A

## CONSENT TO JOIN COLLECTIVE ACTION
### FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with IHOP to recover unpaid minimum wages, overtime compensation and other relief.

*Tamika Osborne*
PRINT NAME CLEARLY

*Tamika Osborne*
SIGNATURE

1108 W Loudon St
STREET ADDRESS

Philadelphia, PA 19141
CITY, STATE AND ZIP CODE

215-407-5795
TELEPHONE NUMBER

Tosborne1221@gmail.com
EMAIL ADDRESS


EXHIBIT
B

## CONSENT TO JOIN COLLECTIVE ACTION
### FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act concerning my employment with IHOP to recover unpaid minimum wages, overtime compensation and other relief.

Terran Young
_____
PRINT NAME CLEARLY

_____
SIGNATURE

5563 Blakemore
_____
STREET ADDRESS

Phila PA 19138
_____
CITY, STATE AND ZIP CODE

267 323·9472
_____
TELEPHONE NUMBER

_____
EMAIL ADDRESS


EXHIBIT
C